UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JACQUELINE FABRIZIO,

      Plaintiff,

v.

Case No.:

NISSAN MOTOR ACCEPTANCE COMPANY LLC,
a foreign limited liability company,

      Defendant.
_____/

## COMPLAINT

**COME NOW**, Plaintiff, JACQUELINE FABRIZIO (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby files this Complaint against Defendant, NISSAN MOTOR ACCEPTANCE COMPANY (hereinafter, "Defendant"). In support thereof, Plaintiff states:

### PRELIMINARY STATEMENT

1. This is an action brought by Plaintiff, an individual consumer, for damages for Defendant's violations of the Fair Credit Reporting Act, 15 United States Code, Section 1681 *et seq.* (hereinafter, the "FCRA") wherein Defendant credit-reported and subsequently verified its credit reporting of alleged balances due on an auto lease account (hereinafter, the "Account") on Plaintiff's consumer credit reports and in Plaintiff's consumer credit files as maintained by Equifax, Experian, and Trans Union. More specifically, despite Plaintiff making all payments on the lease in a timely and full manner and returning the vehicle to Defendant pursuant to the lease

1

agreement in 2018—eliminating Plaintiff's personal liability with respect to any amount owed to Defendant—and despite Plaintiff advising Defendant of its errors and disputing Defendant's reporting of such erroneous information directly to Equifax, Experian, and Trans Union, Defendant *continued* to report the alleged account with a balance due, failed to note or indicate that the account was closed and paid in full, and failed to mark the account as disputed in violation of the FCRA.

## JURISDICTION, VENUE & PARTIES

2. Jurisdiction of this Court arises under 28 United States Code, Section 1331 as well as pursuant to the FCRA, 15 United States Code Section 1681 *et seq*.

3. Defendant is subject to the jurisdiction of this Court as Defendant regularly transacts business in this District.

4. Venue is proper in this District as the acts and transactions described herein originated and occurred in this District.

5. At all material times herein, Plaintiff is a natural person residing in Pinellas County, Florida.

6. At all material times herein, Defendant is a limited liability company existing under the laws of Delaware with its principal address at One Nissan Way, Franklin, TN 37067.

## FCRA STATUTORY STRUCTURE

7. Congress enacted the FCRA requiring consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner fair and equitable to the

consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information. *See* 15 United States Code, Section 1681b.

8. Under the FCRA, after a furnisher of information receives notification pursuant to Section 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the furnisher shall: (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to Section 1681i(a)(2) of this title; (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis. *Id.* at § s-2(b).

9. Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer: in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; for statutory damages of not less than $100 and not more than $1,000; for such amount of punitive damages as the court may allow; and for the costs of the action together with reasonable attorneys' fees. *Id.* at § n.

10. Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable

attorneys' fees. *Id.* at § o.

## GENERAL ALLEGATIONS

11. At all material times herein, Plaintiff is an alleged "consumer" as defined by the FCRA, Section 1681a(c) because he is an individual and allegedly obligated to pay a debt.

12. At all material times herein, Defendant, itself and through its subsidiaries, regularly services the credit of consumers and collects debts associated with the same from consumers residing in Pinellas County, Florida.

13. At all material times herein, Defendant is a "person" who furnishes information to credit reporting agencies as provided in the FCRA and as defined by 15 United States Code, Section 1681s-2.

14. At all material times herein, Defendant acts themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

15. All necessary conditions precedent to the filing of this action occurred, or Defendant waived or excused the same.

## FACTUAL ALLEGATIONS

16. During 2015, Plaintiff obtained an auto lease with Defendant.

17. While under the lease contract, Plaintiff made all payments in a full and on time in accordance with the lease terms.

18. During 2018, Plaintiff returned the vehicle to Defendant both in a timely manner and under the mileage allowance pursuant to the lease agreement.

19.     As such, Plaintiff no longer owed monies to Defendant, as the vehicle had been returned and Plaintiff's obligations under the contract had all been met, extinguishing all current financial obligations and preventing the incurrence of additional fees.

20.     During or around December 2022, Plaintiff obtained copies of her credit disclosure reports from Equifax, Experian, and Trans Union.

21.     Notably, Equifax, Experian, and Trans Union each reported an account referenced as NISSAN-INFINITI LT2900982XXXX with a balance due of $2,763 on Plaintiff's credit reports.

22.     This information is patently incorrect, as Plaintiff no longer leases the vehicle attached to this lease and returned the vehicle in full satisfaction of the lease in 2018.

23.     On or about December 13, 2022, Plaintiff communicated with Equifax, Experian, and Trans Union disputing Defendant's reporting of the Account (hereinafter, "First Dispute"). Please see attached a true and correct copy of Plaintiff's First Dispute labeled as **Exhibit A**.

24.     More specifically, Plaintiff's First Dispute advised Equifax, Experian, and Trans Union that Plaintiff had made all payments under the lease agreement both on time and in full, had returned the vehicle to Defendant in 2018, and no longer owed any monies regarding this auto lease.

25.     Based on such information, Plaintiff's First Dispute advised that the Account should not be reported by Defendant with a balance due, and instead, *should*

be reported as "closed" with a zero-dollar ($0) balance due.

26. Equifax, Experian, and Trans Union each received Plaintiff's First Dispute.

27. Equifax, Experian, and Trans Union communicated Plaintiff's First Dispute to Defendant.

28. Equifax, Experian, and Trans Union each issued a response and purportedly verified the accuracy of the Account upon verification from Defendant of the same.r

## DAMAGES

29. As a result of Defendant's reporting of the Account, Plaintiff further dealt with the stress and anxiety of feeling hopeless, believing that she will be denied credit as a result of the erroneous and incorrect reporting of the Account if she needs to obtain credit in the near future, and that Plaintiff would either be denied credit or pay higher interest rates in the event she could obtain financing.

30. Plaintiff retained Swift Law PLLC for the purpose of pursuing this matter against Defendant, and Plaintiff is obligated to pay her attorneys a reasonable fee for their services.

31. Additionally, as a result of Defendant's actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that despite fully satisfying the lease agreement in 2018, Plaintiff must simply endure Defendant's inaccurate and unlawful reporting of the Account.

Plaintiff spent much of her valuable time dealing with this issue.

**COUNT ONE:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681s-2(b)**

Plaintiff re-alleges paragraphs one (1) through thirty-one (31) as if fully restated herein and further states as follows:

32.     Defendant is subject to, and violated the provisions of, 15 United States Code, Section 1681s-2(b), by willfully and/or negligently publishing or furnishing inaccurate trade-line information within Plaintiff's credit reports, failing to fully and properly re-investigate Plaintiff's dispute, failing to review all relevant information regarding the same, and failing to request Equifax, Experian, and Trans Union accurately update the Account in Plaintiff's credit reports and credit file after investigating Plaintiff's First Dispute.

33.     As described above, Plaintiff was not and is not personally liable for any amount owed on the Account because the Account balance was fully satisfied when Plaintiff returned the leased vehicle to Defendant.

34.     Despite Defendant receiving notice of Plaintiff's First Dispute from Plaintiff via Equifax, Experian, and Trans Union, Defendant willfully and/or negligently "verified" its reporting of the Account with a balance in excess of $2,000 and failed to mark or indicate that the Account was closed in 2018 with a $0 balance due.

35.     Defendant's refusal to request that Equifax, Experian, and Trans Union update the tradeline associated with the Account following Plaintiff's First Dispute

was intentionally, willfully, and knowingly done as Defendant clearly possessed knowledge that the Account was paid in full and closed upon return of the vehicle.

36. Defendant's re-investigations were not conducted in good faith.

37. Defendant's re-investigations were not conducted reasonably.

38. Defendant's re-investigations were not conducted using all information and documents reasonably available to Defendant.

39. As a result of Defendant's conduct, actions, and inactions, Plaintiff suffered damage to her credit reputation and credit worthiness, was deterred from making credit applications as she believed she would not be able to obtain favorable credit terms as a result of Defendant's derogatory and continued reporting of the Account, did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the Account with a balance due.

40. Defendant's conduct was a direct and proximate cause of, as well as a substantial factor in, causing the serious injuries, damages, and harm to Plaintiff as stated herein.

41. Defendant's actions in violation of 15 United States Code, Section 1681s-2(b), constitute negligent or willful noncompliance, or both, with the FCRA, and entitles Plaintiff to actual damages, statutory damages, and punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

**PRAYER FOR RELIEF**

**WHEREFORE**, as a direct and proximate result of Defendant's conduct, Plaintiff respectfully requests an entry of:

a. Judgment against Defendant for maximum statutory damages for violations of the FCRA;

b. Actual damages in an amount to be determined at trial;

c. Compensatory damages in an amount to be determined at trial;

d. Punitive damages in an amount to be determined at trial;

e. An award of attorney's fees and costs; and

f. Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant and demands that Defendant and its affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

**SWIFT LAW PLLC**

*/s/ Jon P. Dubbeld*
**Jon P. Dubbeld, Esq., FBN 105869**
8380 Bay Pines Blvd.
St. Petersburg, FL 33709
Phone: (727) 490-9919
Fax: (727) 255-5332
jdubbeld@swift-law.com
jmurphy@swift-law.com
*Counsel for Plaintiff*